29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND CHEVROLET, INC., and related entities,
including: Grand Motors, Inc.; Grand Wilshire
Finance Corp., Grand Rizal Finance
Corp., Grand Wilshire Capital,
Inc., Debtors.
Irving SULMEYER, Chapter 11 Trustee, Plaintiff-Appellant,
v.
PACIFIC BMW, Defendant-Appellee.
 No. 92-56509.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1994.
Decided May 6, 1994.
 
 Before: FARRIS, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Trustee Irving Sulmeyer appeals the granting of summary judgment to Pacific BMW. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo. In re Food Catering & Housing, Inc., 971 F.2d 396, 397 (9th Cir.1992).
 
 
 3
 We have carefully reviewed the record. Pacific BMW introduced uncontroverted evidence that from January 1988 through mid-April 1988 (prior to the 90 day preference period), the debtor purchased ten vehicles from Pacific BMW using "72 hour" purchase drafts. It took the debtor's bank, Manilabank, between 7 and 17 days to honor those drafts.
 
 
 4
 We reject the trustee's argument that our decision in Matter of Vance, 721 F.2d 259 (9th Cir.1983), precludes Pacific BMW from invoking the contemporaneous exchange exception, 11 U.S.C. Sec. 547(c)(1), and the ordinary course of business exception, 11 U.S.C. Sec. 547(c)(2). See In re Grand Chevrolet, No. 92-56461 (9th Cir.1994).
 
 
 5
 Five of the transfers involved "72 hour" drafts.[1] The "72 hour" drafts were honored between 15 and 22 days after they were presented for payment. Although the payments were late, they were sufficiently within the range of prior transactions between the parties to be considered ordinary in relation to past practices. See id. The district court did not err in holding that the ordinary course of business exception applied to those payments.
 
 
 6
 The debtor purchased a sixth vehicle on May 17, 1988. In exchange for this vehicle, the debtor originally gave Pacific BMW a "72 hour" purchase draft. Later that day, however, the debtor substituted the purchase draft with a check. The check was deposited and honored within three days. Under these circumstances, the district court properly concluded that the debtor's check payment constituted a contemporaneous exchange for new value.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The "72 hour" drafts related to Vehicles 1 (VIN # 227771), 2 (VIN # 321055), 3 (VIN # 3210809), 4 (VIN # 8823599) and 5 (VIN # 120260)